# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC. | § § § | |
| v. | § § | Case No. 4:08-CV-433<br>Judge Schneider/Judge Mazzant |
| THE TOWN OF FLOWER MOUND, TEXAS | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On July 15, 2009, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #8) be DENIED.

On July 29, 2009, Defendant The Town of Flower Mound, Texas ("Town") filed objections to the Magistrate Judge's report. Specifically, the Town asserts that the Magistrate Judge's Report does not address the proper requirements and applicability of the Federal Rule of Civil Procedure 8 pleading standard. While the Magistrate Judge did not address the Rule 8 analysis with the specificity requested by the Town, the findings and conclusions of the Magistrate Judge did address the appropriate standard provided by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and the findings and conclusions are correct.[1]

In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, No. 08-20544, 2009 WL 2357015 *2 (5th Cir. Aug. 3, 2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The Supreme

---

[1] See Magistrate Judge's Report and Recommendation at 10.

Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, No. 08-30388, 2009 WL 1884605 *3 (5th Cir. July 1, 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. At 1950.

Here, ICP has pleaded facts that "permit the [C]ourt to infer that [ICP] is entitled to relief." *Id*. (quoting Fed. Rule Civ. Proc. 8(a)(2)). ICP alleges that the Town is in violation of the Fair Housing Act ("FHA"), 43 U.S.C. § 3604(a), by making dwellings unavailable because of race. COMPLAINT at 16. ICP alleges that the Town limits the number of housing units available to ICP's low-income, minority clients through its housing policies and zoning practices. *Id*. at 7. According

to ICP, a disproportionate percentage of black households in the Dallas Metro Division, which includes Flower Mound, use multifamily units for their dwellings compared to the percentage of white households living in multifamily units. *Id*. at 6. ICP alleges that the Town's housing practices and zoning ordinances have limited the number of apartments in the Town to only 4% of all housing units. *Id*. ICP argues that this limitation on the number of apartments makes unavailable units of a type of housing that is disproportionately used by non-white households. *Id*. According to ICP, none of the apartments already located in Flower Mound will lease to participants in Section 8 voucher programs or similar low-income housing programs. *Id*. at 5. There is no public housing in Flower Mound, there are no low-income housing units in Flower Mound, and there is no Section 8 Voucher program operated in Flower Mound. *Id*. ICP alleges that these policies and practices are intended to make housing unavailable to minorities, which is a violation of the FHA. *Id*. at 16.

In the opinion of the Court, ICP has provided more than "legal conclusions couched as factual allegation." *Iqbal*, 129 S.Ct. at 1950. (quoting *Twombly*, 550 U.S. at 555.). The facts pleaded are not "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 1949. ICP has made "well-pleaded factual allegations," therefore the Court "should assume their veracity and then determine whether they plausibly give rise to entitlement to relief." *Id*. at 1950. Based on the Court's "judicial experience and common sense," ICP's alleged facts give rise to a plausible entitlement to relief under the FHA. *Id*. Taken as true, ICP's allegations of exclusionary housing practices and zoning ordinances based on racial considerations could plausibly entitle ICP to relief under the FHA. Therefore, ICP's complaint should not be dismissed pursuant to Rule 12(b)(6).

After reviewing Defendants objections regarding the Rule 8 pleading standard and having made a *de novo* review of all other objections raised by Defendants, the Court is of the opinion that

the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court, and Defendants' Motion to Dismiss (Dkt. #8) is DENIED.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (Dkt. #8) is DENIED.

**SIGNED this 18th day of August, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE