# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC. | § § § | |
| v. | § § | Case No. 4:08-CV-433<br>Judge Schneider/Judge Mazzant |
| THE TOWN OF FLOWER MOUND, TEXAS | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On June 4, 20010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant The Town of Flower Mound, Texas' Motion for Summary Judgement (Dkt. #46) be denied.

On June 18, 2010, Defendant The Town of Flower Mound, Texas ("Town") filed objections to the Magistrate Judge's report. Specifically, the Town, citing *Artisan/American Corp. v. City of Alvin, Texas*, 588 F.3d 291 (5th Cir. 2009), objects to the use of the circumstantial evidence factors in *Village of Arlington Heights v. Metro. Housing Corp.*, 452 U.S. 252, 254 (1977), to determine ICP's intentional discrimination claims under the Fair Housing Act ("FHA"). The Court disagrees with the Town that the Magistrate Judge was incorrect in applying the *Arlington Heights* circumstantial evidence factors when considering the discriminatory intent test first adopted in *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996). In *Simms*, the Fifth Circuit adopted the same standard for discriminatory intent cases under the Age Discrimination in Employment Act, calling for "circumstantial evidence" that would "allow a rational fact finder to

make a reasonable inference" that race was a motivating factor in Fair Housing Act cases. *Simms*, 83 F.3d at 1156.

Several courts within the circuit have addressed the *Arlington Heights* factors when considering FHA discriminatory intent claims under the *Simms* test. *See, e.g., Greater New Orleans Fair Housing Action Center v. St. Bernard Parish*, 641 F. Supp. 2d 563, 568-69 (E.D. La. 2009); *see also Arbor Bend Villas Housing, L.P. v. Tarrant County Housing Fin. Corp.*, No. 4:02-CV-478, 2002 WL 1285564, *3 (N.D. Tex. June 6, 2002); *Dews v. Town of Sunnyvale*, 109 F. Supp. 2d 526, 569-70 (N.D. Tex. 2000); *Jim Sowell Const. Co., Inc. v. The City of Coppell, Texas*, 61 F. Supp. 2d 542, 546-47 (N.D. Tex. 1999). Outside the circuit, courts have also considered the *Arlington Heights* factors in deciding FHA discriminatory intent cases. *See, e.g., Tsombanidis v. West Haven Fire Dept.*, 352 F.3d 565, 579080 (2d. Cir. 2003); *see also Woodfield Equities, L.L.C. v. Inc. Village of Patchogue*, 357 F. Supp. 2d 622, 636 (E.D.N.Y. 2005). The Fifth Circuit has not limited the application of the *Arlington Heights* factors to causes of action for discriminatory effects under the FHA or to Equal Protection causes of action. *See All State Ins. Co. v. Abbott*, 495 F.3d 151, 160 (5th Cir. 2007) (applying factors to a commerce clause claim for purposeful discrimination). Based on the foregoing, the Court disagrees with Defendant that the Magistrate Judge erred in applying the *Arlington Heights* factors as part of the required analysis under *Simms*. *See Miller v. City of Dallas*, No. 3:98-CV-2955, 2002 WL 230834, *3 (N.D. Tex. Feb. 14, 2002) ("The function of these nonexclusive factors is to assist the trier of fact in assessing whether the evidence supports a finding of intentional discrimination [and] this purpose is not materially different whether...brought under one federal civil rights statute...or another").

The Court, having made a *de novo* review of the objections raised by Defendant, is of the

opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendant The Town of Flower Mound, Texas' Motion for Summary Judgment (Dkt. #46) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 25th day of June, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE